(Superior Court of Cincinnati.)

NATHAN GUENZBURGER, Assignee v. THE HOME INSURANCE COMPANY OF NEW YORK.

A policy of insurance provided that: "This policy shall be void if the interest of the insured be other than unconditional and sole ownership, * *  and if any change other than by the death of the insured takes place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process, or judgment, or by voluntary act of the insured or otherwise; or if this policy be assigned before a loss."

Held, That the assignment for the benefit of creditors by the insured avoided the policy.

SMITH, J.

On the 16th day of January, 1892, Isaac S. Saunders, by the payment of $75.00 to the Home Insurance Company, procured a policy of insurance of the amount of five thousand dollars ($5,000.00), covering a two story frame dwelling and certain personal property, part of which was in the house and part of which was used in connection with the house.

On the 15th of March, 1892, the said Isaac S. Saunders, being insolvent and unable to pay his debts, without the knowledge and consent of the insurance company, voluntarily made and executed in the probate court an assignment of all his property in trust for his creditors, and on the 30th day of March, 1892, a fire occurred, destroying said frame house and a large part of the personal property covered by the insurance.

The insurance company refuses to pay the loss, on the ground that at the time of the fire the policy had become forfeited, and was void by reason of the assignment of Saunders, which it contended was forbidden by the following clauses of the policy:

"This entire policy * * * shall be void * * * if the interest of the insured be other than unconditional and sole ownership."

"Or if any change other than by the death of the insured takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase in hazard), whether by legal process or judgment or by voluntary act of the insured or otherwise, or if this policy be assigned before a loss."

The plaintiff claims that such clause was not violated by the assignment of Saunders:

First—Because it has not been shown that the risk under the policy was in any way increased by such assignment. and therefore the policy is preserved inviolate by force of section 3843. Revised Statutes.

Second—Because, notwithstanding the assignment, there still remained in the assignor an interest in the property, as was intended, viz., a right to claim a homestead exemption and a right to the surplus, if any, which remained after the assignment was closed; and that therefore the entire policy was good because the clause in the policy forbade only a total alienation and not a partial alienation; or, if such is not the proper construction of the clause, at least the interest which still remained in the assignor is still covered by the policy.

Section 3643 of the Revised Statutes is as follows:

"Any person, company or association hereafter insuring any building or structure against loss or damage by fire or lightning, by a renewal of a policy heretofore issued or otherwise, shall cause such building or structure to be examined by an agent of the insurer, and a full description thereof to be made and the insurable value thereof to be fixed by such agent, in the absence of any change increasing the risk without the con-

sent of the insurers, and also of any intentional fraud on the part of the insured in case of total loss, the whole amount mentioned in the policy or renewal upon which the insurer receives a premium shall be paid, and in case of partial loss the full amount of the partial loss shall be paid; and in case there are two or more policies upon the property each policy shall contribute to the payment of the whole or the partial loss in proportion to the amount of the insurance mentioned in each policy; but in no case shall the insurer be required to pay more than the amount mentioned in its policy."

The plaintiff relies upon that part of the statute which declares that "in the absence of any change increasing the risk without the consent of the insurers," the loss under the policy shall be paid, and contends that as there is no evidence to show that the assignment was a change which increased the risk. the policy is good whatever the construction of the language in the policy against transfers of the insured property.

As the policy was written after the enactment of the statute, the latter necessarily is controlling.

But the construction of this statute as urged by the plaintiff is too broad. The Supreme Court, in several cases, recently has had occasion to construe the statute, and has held that the change referred to relates only to the physical condition of the property, its use or its surroundings, and must be so restricted. Moody v. Ins. Co., 32 W. L. R.. 402; Webster v. Dwellinghouse Ins. C., 35 W. L. R., 12. As the mere assignment for the benefit of creditors does not change the physical condition of the property the statute has no application in such a case.

The remaining question in the case is: Was the assignment a violation of the condition: "If any change other than the death of the insured takes place in the interest, title or possession of the subject of insurance." then the policy shall be void?

It is beyond dispute that by the assignment there was an absolute change in the legal title to the property, and that as the assignee had the right of possession against all the world, including the assignor, there was also a change in the possession of the property. It is contended by plaintiff, however, that this change of title and possession, which is certainly in direct violation of the letter of the policy, is not in violation of its spirit, for the reason that the assignee holds the title and possession in trust for the assignor, and that the insurable interest of the assignee remains the same.

But it seems to me that the insurable interest of the assignor is not the same. Before the assignment he held property which he could dispose of as he saw best, selling it for a valuable consideration, or transfering it in payment of any debt which he saw fit to prefer. By the assignment he no longer retains any interest. The management and disposition of the property is exclusively with the assignee. It is only what is left after the payment of debts that is returned to the assignor, and that may not be part of the identical property, but merely the proceeds remaining from the sale after the payment of the debts.

Under these circumstances the insurable interest is not the same, and the interest which the assignor takes in the preservation of the property is different from that taken by him before the assignment. There is, therefore, within the language and meaning of the policy, a change in the interest of the assignor.

In the following cases, although the language of the policies was different, yet the principle declared is controlling in this case.

In Adams v. Rockingham, 29 Maine, 296-297, the insurer had been decreed a bankrupt upon his petition in the U. S. Court.

The policy in a mutual insurance company contained a clause with reference to the property, "where there is an alienation by sale or otherwise the policy shall be void." The court held the transfer in bankruptcy avoided the policy. In giving its reasons for this position, it said

"The company in this case reserved to itself the right to exercise the discretion of its officers in the selection of those who should become members and whose property should be insured. It may well be presumed that they confided in the members of the company, that while they retained the right of controlling and directing the possession of the building insured, there would be a security which would not exist after the control and direction should be surrendered."

In Perry v. Lorillard Fire Insurance Company, 61 N. Y. 221, the assured became a bankrupt under the United States laws. One of the conditions of the policy was that if the insured property should be sold or transferred or any change take place in the title or possession, whether by legal possession or otherwise, then the policy should be void. The court held the policy void, and in discussing the question whether there is a change of title by transfer to an assignee, said:

"I concede that the property does not become vested in the assignee as his own individual property, to be held by him in his own right and for his personal use and benefit, and that it is held by him in trust, but for the benefit primarily, of the bankrupt's creditors, and so far for his use in the payment of his debts. I, however, do not agree with him that the title to the property does not become vested in the assignee, but on the contrary, as I have shown, the title thereto, and not the mere control thereof, is, by the clear and unequivocal language of the bankrupt act to which reference has heretofore been partially made, declared to be vested in the assignee. He becomes the owner thereof in trust, I admit, for the purposes declared in the said act, but nevertheless the owner, and does not stand in the

mere relation of agent for the bankrupt, who, both in fact and law, has by the proceedings become divested of the legal title."

The fact that these decisions arise in cases where the assignment was under the U. S. bankrupt law, and not under the State insolvency laws, is not material.

In Young v. Eagle Fire Ins. Co., 14 Gray. 150, a clause in the by-laws of a mutual insurance company provided that:

"Where any property insured by this company shall be taken possession of by a mortgagee, or in any way be alienated, the policy shall be void."

The insured made an assignment for the benefit of creditors under the State insolvent laws, and the court held the policy to be void. In the course of the decision it is said:

"The question is not merely whether there was an insurable interest, nor whether in the ordinary case of insurance in a stock company, upon the principles of the common law, this policy would become void by reason of such transfer to an assignee. The rights of the parties are to be settled by reference to this policy."

"That this property was, in fact, alienated, must be admitted * * * The legal estate is as effectually passed from the debtor as if he had conveyed the same by a deed of warranty to a third person."

"The only ground for maintaining any distinction is that this was a sequestration of the property for the benefit of creditors under the provisions of the statute. As respects this policy, the difference is immaterial. The legal interest is gone; the right of possession is gone."

In Hazard v. Franklin Mutual Fire Insurance Co., 6 R. I. 429, it was held that:

"A fire policy taken out from a mutual company by a mortgagor of a house upon his interest in it, though assigned with the assent of the company to the mortgagee, is avoided by the assignment of the mortgagor of all his interest in it for the benefit of creditors, though made without the assent or knowledge of the mortgagee; the charter providing that if said property (insured) shall be conveyed in whole or in part, then this insurance shall be void and of no effect."

And in Little v. Eureka Insurance Company, (4 Am. Law Record, 228), it was decided by the general term of this court (1875), that where the policy contained a clause that "in case of a transfer or change in the title of the property insured by said company, or of any individual interest therein, without the consent of the company endorsed on the policy, then this insurance shall henceforth become null and void;" and the insured made an assignment in the probate court for the benefit of creditors, the policy was avoided.

The hardship of this rule, in this case at least, is not as real as it appears to be. because the policy provides that in case the policy becomes forfeited the insured is entitled to a return of the unearned portion of the premium. It was therefore the duty of the assignee, if he wished to insure this property, either to have secured the consent of the company to the transfer of the property, or, failing in that, to have secured the return to him of the unearned premium, and with that secured new insurance. Having failed to adopt either of these alternatives, he is without remedy against the insurance company.

There has been a clear violation of one of the terms of this policy, and this violation having avoided the policy, the ins' red and his assignee must accept the consequences. after a fire has occurred, a court has no power to write a new policy of insurance for parties different from that which before the fire they have deliberately agreed upon.

The petition will be dismissed, with costs.

S. N. Maxwell, Nelson Sayler, for plaintiff.

C. D. Robertson, for defendant.